Chin, J.
Defendant/third-party plaintiff, Sheraton Boston Corporation (Sheraton) served third-party defendant, Domenic Bozzotto (Bozzotto) with a subpoena duces tecum to appear at a deposition and to produce the documents listed on the subpoena. Third-party defendants move for a protective order preventing Sheraton from obtaining the documents listed in paragraphs 2 and 4 of the subpoena and to prevent Sheraton from making any inquiry into the documents and/or their contents. As grounds, third-party defendants argue that the materials are protected by the attorney/client privilege, represent work product and are outside the scope of discovery under Mass.R.Civ.P. 26(b)(1).*
Paragraphs 2 and 4 of the subpoena instruct Bozzotto to bring the following documents with him to his deposition:
2. Any agreement between the Hotel Restaurant, Institutional Bartenders Employee Union, Local 26 and Bradley Scott Fair, Benny Walker, and Shashpal Singh on any subject, including but not limited to the cost of litigation in civil action 94-4233-E;
4. All documents related to communications between Domenic Bozzotto individually or as President of the Hotel Restaurant, Institutional Bartenders Employee Union, Local 26 and any attorney purporting to represent Bradley Scott Fair, Benny Walker, and Shashpal Singh.
Essentially, Sheraton is seeking to discover information regarding a series of triangular fee agreements entered into between Bozzotto and Local 26, counsel for plaintiffs and each of the individual plaintiffs and any other agreements entered into between the plaintiffs and third-party defendants.
A judge has wide discretion in determining the conduct and scope of discovery. Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987); GTE Products Corp., v. Stewart, 414 Mass. 721, 725 (1993). Generally, pursuant to Mass.R.Civ. 26(b)(1), discovery of any non-privileged material is permissible if it is relevant to the pending action and reasonably calculated to lead to the discovery of admissible evidence. Hull Municipal Lighting Plans v. Massachusetts Municipal Wholesale Electric Co., 414 Mass. 609, 615 (1993). The scope of discovery is defined broadly to encompass any matter that pertains to the issues of the case. Cronin *689 v. Strayer, 392 Mass. 525, 534 (1984); James Smith & Hiller Zobel, Rules Practice, §26.3 (1975). If, however, upon examination, the court concludes that the material sought is irrelevant, it must deny discovery and may enter a protective order. James Smith & Hiller Zobel, Rules Practice, §26.3 (1975).
Sheraton argues that the documents sought are relevant because they pertain to the issue of whether plaintiffs have suffered “substantial and serious” interference with their privacy as a result of the “unreasonable” acts of the Sheraton. Sheraton maintains that plaintiffs have not been harmed but rather, the third-party defendants approached and induced plaintiffs to lend their names to the current lawsuit. Sheraton contends that plaintiffs are “simply hired plaintiffs and stocking horses for Bozzotto and Local 26.”
Upon review of the papers, this court finds that the documents Sheraton seeks are irrelevant and unrelated to the pending action involving invasion of privacy and right of contribution. Rather, it seems clear from the import of its arguments that Sheraton is seeking the materials for its pending (and/or future) claims for defamation and abuse of process against Bozzotto and Local 26. Accordingly, during the course of this instant action, the Sheraton is prohibited from discovering documents or eliciting testimony regarding any agreements entered into between plaintiffs, third-party defendants and/or their respective counsel.[5]
ORDER
The Court hereby ORDERS that third-party defendants’ Motion for a protective order is ALLOWED. A Protective Order shall enter:
1. Prohibiting defendant/third-party plaintiff, Sheraton Boston Corporation, d/b/a Sheraton Boston Hotel and Towers from obtaining the documents listed in paragraph 2 & 4 of the subpoena duces tecum served upon Domenic Bozzotto; and
2. Prohibiting defendant/third-party plaintiff, Sheraton Boston Corporation, d/b/a Sheraton Boston Hotel and Towers from making any inquiry into said documents and/or their contents.

Because the above discussion disposes of the matter, the court need not inquire into the merits of the third-party defendants’ other arguments.

Editor’s Note: For an opinion in a related matter involving the same parties see Sheraton Boston Corp. v. Bozzotto, 4 Mass. L. Rptr. No. 15, 321 (November 27, 1995).